NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50386 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-02711-LAB-1 |
| v. | |
| RAMON VALENCIA-CRUZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 8, 2019
Pasadena, California

Before: FARRIS and McKEOWN, Circuit Judges, and KENDALL,[**] District Judge.

Ramon Valencia-Cruz was found guilty of attempted illegal reentry, in violation of 8 U.S.C. § 1326. He appeals the denial of his motion for judgment of acquittal and the district court's sentence, which included a term of supervised

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

release. We review de novo a district court's decision to deny a motion for judgment of acquittal, *United States v. Christensen,* 828 F.3d 763, 780 (9th Cir. 2015), and review a district court's sentence under an abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 51 (2007). We find that a rational trier of fact could have found the essential elements of 8 U.S.C. § 1326 beyond a reasonable doubt and that the district court did not abuse its discretion in choosing to impose a within guideline term of supervised release.

Ramon Valencia-Cruz is a Mexican national with a significant history of deportations and reentries to the United States. Most recently, Valencia was arrested in January 2018 at the San Ysidro port of entry where he presented a facially valid lawful permanent resident card. Though his LPR card was facially valid, Valencia did not have legal authority to enter the United States based on his multiple prior removals. Valencia pleaded not guilty and proceeded to trial. At the close of evidence, Valencia moved for a judgment of acquittal, arguing that he could not possibly be found guilty as a matter of law of attempted illegal reentry because he followed the proper procedures for admission by attempting to enter through a designated port of entry. In June 2018, Valencia was convicted of attempted illegal reentry and sentenced to 27 months in prison and a three-year term of supervised release.

For an individual to be found guilty of attempted illegal reentry, the

18-50386

government must show "'(1) the defendant had the purpose, i.e., conscious desire, to reenter the United States without the express consent of the Attorney General; (2) the defendant committed an overt act that was a substantial step towards reentering without that consent; (3) the defendant was not a citizen of the United States; (4) the defendant had previously been lawfully denied admission, excluded, deported or removed from the United States; and (5) the Attorney General had not consented to the defendant's attempted reentry.'" *United States v. Castillo-Mendez,* 868 F.3d 830, 836 (9th Cir. 2017) (quoting *United States v. Gracidas-Ulibarry,* 231 F.3d 1188, 1196 (9th Cir. 2000)).

Valencia argues that an alien, like himself, who attempts to enter in a procedurally proper way (e.g., entering through the designated pedestrian lane with a facially valid LPR card), cannot be said to have taken a substantial step towards making an illegal reentry. Such a position is inconsistent with the statute and this Court's precedent. A defendant's overt act or substantial step need not take the form of some nefarious or improper action to be considered in violation of § 1326. *United States v. Leos-Maldonado,* 302 F.3d 1061, 1063 (9th Cir. 2002) ("It matters not whether the defendant's overt act takes the form of a surreptitious border crossing or a misrepresentation of legal status."). On appeal, we need only ask whether, after viewing all evidence in a light most favorable to the government, a rational trier of fact could have found that the government met all the essential

elements of § 1326 beyond a reasonable doubt. *Christensen,* 828 F.3d at 780.

Here, the government presented substantial evidence to support an affirmative finding for each element of attempted illegal reentry. If ever there was an alien on notice that he had no lawful right to reenter the United States, it was Valencia. He had been removed from the United States on six occasions. Upon those removals, he signed multiple sworn statements attesting to the fact that he did not have permission to reenter the country without the consent of the Attorney General. At argument, Appellant's counsel suggested that, notwithstanding his prior removals and concessions that he had no legal right to reenter, his attempted reentry was proper on this occasion because he could have sought consent to enter at the border facility. The record below belies such an argument. When Valencia approached the border official, he did not inquire as to the validity of his LPR card or ask permission to enter. Rather, he unequivocally stated he was going to Las Vegas and placed a bottle of tequila on the counter. Valencia had no intention of discussing his immigration status and seeking consent to enter. He instead was trying once again to use the LPR card he used in the past, which led to his previous deportation, to enter and head to his ultimate destination—Las Vegas. Accordingly, we affirm the district court's denial of Valencia's motion for a judgment of acquittal.

Valencia's second issue on appeal is whether the district court abused its

discretion by choosing to impose the maximum term of supervised release. Having been found guilty of attempted illegal reentry, Valencia faced a guideline range of one to three years of supervised release. USSG § 5D1.1(a)(2). The district court chose to impose the maximum term of supervised release. In doing so, the district court explicitly recognized that Valencia had a significant history of removals and yet repeatedly chose to reenter the country without consent. The three-year term of supervised release represents a within-guideline sentence and is entirely reasonable given the recidivist history and personal characteristics of Valencia. *United States v. Valdavinos-Torres,* 704 F.3d 679, 693 (9th Cir. 2012). Therefore, we also affirm the district court's sentence.

**AFFIRMED.**

18-50386